NORTON and Another *v.* HOOTEN.

Errors of law occurring on the trial, which do not appear to have been in some way brought to the attention of the Court below, will not be noticed in the Supreme Court.

Where personal property is sold by a person not at the time in the possession of it, there is no implied warranty of title.

APPEAL from the *Knox* Common Pleas.

*Tuesday,
December* 10.

DAVISON, J.—*Hooten,* who was the plaintiff, sued *James Black, Ne'son Norton,* and *James Garret,* upon a promissory note for the payment of $350. Process, as to *Black,* was returned "not found." The other defendants, *Norton* and *Garret,* appeared and answered thus: "That *Black* was indebted to the plaintiff to the amount of the note, and the plaintiff desiring to secure the same, agreed that if *Norton* and *Garret* would go security on the note, he would convey to them certain wheat, then growing and unharvested, which he had before that time purchased on execution, as the property of *Black,* and which he, plaintiff, then pretended to own. And that previous to said sale to the defendants by the plaintiff, he had sold the same wheat to *Black,* and that the wheat so sold by him to them was taken and sold on execution against *Black,* wherefore the consideration upon which they executed the note has failed," &c. To this answer the plaintiff replied: 1. By a general traverse. 2. That the defendants, at the time they signed the note, knew that the wheat had been sold to *Black* upon the condition that he would give security on the note, and that he consented to, and did assign the wheat to the defendants at their request, and to prevent the same from being taken from *Black* by his creditors. 3. That the plaintiff, at the time of the sale of the wheat to the defendants, did not have the same in his possession. 4. That the defendants, when they took an assignment of the wheat, well knew that it had been sold to *Black,* &c.

To the second and third paragraphs of this reply the defendants demurred, but these demurrers do not appear to have been decided by the Court. The issues of fact were submitted to a jury, who found for the plaintiff, and the

Nov. Term, 1861.

NORTON
v.
HOOTEN.

Court, over a motion for a new trial, rendered judgment, &c.

The causes for a new trial are thus assigned: 1. The verdict of the jury is contrary to law and evidence. 2. That the second, third, and fourth instructions given to the jury were erroneous.

For a reversal, the appellants contend: 1. That it was error to proceed to trial and final judgment without disposing of the demurrers to the second and third replies. 2. That the motion for a new trial should have been sustained.

As the inquiry involved in the first position, namely, whether it was, or not, error to proceed to final trial, leaving the demurrers undisposed of, does not appear to have been presented, in any form, to the lower Court, it can not be deemed legitimately before this Court. Hence, that point will not be further noticed.

But it is argued that the Court erred in giving the fourth instruction. That instruction is in these words: "A party, not in possession of personal property when he sells it, does not warrant the title." It is insisted that this does not express the law; "that the Court ought to have said, *does not implied'y warrant the title.*" We think otherwise. The evidence shows that the property, when the plaintiff sold it, was not in his possession; but it does not, in any degree, tend to show an *express* warranty of title. The result is, the instruction, as applied to the evidence, was a proper direction to the jury; because, in view of the facts proved, it must have related, alone, to an implied warranty. 1. Par. on Cont., pp. 458, 459.

We have looked into the evidence, and are of opinion that it authorized the conclusions of the jury.

*Per Curiam.*—The judgment below is affirmed, with 5 per cent. damages and costs.

*D. McDonald* and *C. M. Walker*, for the appellants.

*W. Henderson*, for the appellee.